```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:13-00293

**JOSEPH A. HURLEY**

## PROBATION REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On September 5, 2018, the United States of America appeared by Christopher R. Arthur, Assistant United States Attorney, and the defendant, Joseph A. Hurley, appeared in person and by his counsel, Michael D. Payne, for a hearing on the petition seeking revocation of probation and amendment thereto submitted by United States Probation Officer Jeffrey D. Bella.  The defendant commenced a five-year term of probation in this action on August 20, 2014, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on September 11, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of probation in the following respects: (1) the defendant committed the state and local offense of driving under the influence on or about April 24, 2018, as evidenced by his conviction on July 31, 2018, in Logan County, West Virginia, at which time he was sentenced to pay a fine of $280; (2) the defendant committed the state and local offense of shoplifting as evidenced by his plea of guilty on May 23, 2018, in Logan County Magistrate Court, at which time he was assessed with fines and costs; (3) the defendant used and possessed controlled substances without a prescription as evidenced by a positive urine specimen submitted by him on December 29, 2017, for benzodiazepines, the defendant having admitted to the probation officer that he had used Xanax; his admission to law enforcement on April 24, 2018, that he had taken Xanax which he had just purchased; a positive urine specimen submitted by him on May 24, 2018, for benzodiazepines; a positive urine specimen submitted by him on June 6, 2018, for amphetamines, benzodiazepines, cocaine, methamphetamine and oxycodone; and a positive urine specimen submitted by him on August 1, 2018, for benzodiazepines; (4) the defendant failed to notify the

probation officer within 72 hours of his arrests on April 24 and May 18, 2018; and (5) the defendant failed to make monthly restitution payments of $25 as directed by the court for June, July, August, September, October and November, 2017, and January, March and May, 2018, and made only partial payments for December, 2017, and February and April, 2018; all as admitted by the defendant on the record of the hearing and all as set forth in the petition seeking revocation of probation and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of

**FIVE (5) MONTHS, to be followed by a term of three (3) years of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point where he shall follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment as directed by the probation officer. The defendant shall report directly, without interruption, from his place of incarceration to the Recovery Point program. Restitution is hereby reimposed and shall be paid at the rate of $100 per month commencing two months after the completion of the Recovery Point program.**

**The defendant was remanded to the custody of the United States Marshal.**

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 7, 2018

_____
John T. Copenhaver, Jr.
United States District Judge